IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHANNEN SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-0600-CVE-PJC |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

On October 26, 2012, Petitioner filed a pro se petition for writ of habeas corpus (Dkt. # 1) and paid the $5.00 filing fee (Dkt. # 2). By Order filed October 29, 2012 (Dkt. # 3), the Court determined that the petition would be adjudicated as a pretrial petition for writ of habeas corpus under 28 U.S.C. § 2241. The Court also directed Petitioner to file a response demonstrating why this action should not be dismissed. See Dkt. # 3. On November 26, 2012, Petitioner filed his response to the Court's Order (Dkt. # 4).

In his response (Dkt. # 4), Petitioner identifies ten (10) propositions supporting his request for pretrial habeas corpus relief. However, Petitioner's propositions simply restate the allegations contained in the petition, see Dkt. # 1. Petitioner argues that he is entitled to pretrial habeas relief because his rights under the Sixth and Fourteenth Amendments were violated by the Tulsa Police Department because he was illegally detained without a valid arrest warrant and that the stop of his vehicle was illegal under the Fourth Amendment because police lacked probable cause. See Dkt. # 4. Petitioner claims to be innocent of the criminal charge(s) presently pending in Tulsa County District Court. Id.

In the Order filed October 29, 2012 (Dkt. # 3), the Court advised Petitioner that intervention by this Court in resolving a criminal charge presently pending in state court or in otherwise

preventing the State of Oklahoma from prosecuting the charge is impermissible. See Dkt. # 3 (citing Capps v. Sullivan, 13 F.3d 350, 353 (10th Cir. 1993)). Petitioner was further advised that his complaints concerning the legality of both the traffic stop and his arrest should be raised during the state criminal proceeding and, if he is convicted, on direct appeal, not via federal habeas corpus during the pendency of the state court action. Id. In addition, the Court advised Petitioner that he could not obtain habeas corpus relief unless he demonstrates that he has exhausted available remedies in the Oklahoma courts, or that pursuit of such remedies would be futile. See id. (citing Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.")).

Upon review of Petitioner's response (Dkt. # 4), the Court finds Petitioner clearly seeks to prevent his prosecution in state court. In addition, Petitioner failed to address the exhaustion status of his claims. Therefore, the petition shall be dismissed without prejudice as impermissibly seeking intervention in resolving a criminal charge presently pending in state court and for failure to exhaust state remedies.

## Certificate of Appealability

A petitioner seeking relief under either § 2254 and § 2241 is required to obtain a certificate of appealability (COA) to appeal a final order. 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A) requires a state prisoner to obtain a COA regardless of whether he is seeking relief under § 2254 or under § 2241). Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that

the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue.  The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issue in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. # 1) is **dismissed without prejudice**.  A separate judgment shall be entered in this matter. A certificate of appealability is **denied**.

**DATED** this 28th day of November, 2012.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE